UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| JESUS MARTINEZ,<br><br>          Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>          Defendant. | Case No. CV 14-6629-AS<br><br>**MEMORANDUM OPINION AND ORDER OF REMAND** |

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), IT IS HEREBY ORDERED that this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

On August 27, 2014, Plaintiff filed a Complaint seeking review of the denial of his applications for Disability Insurance Benefits and Supplemental Security Income. (Docket Entry No. 3). The parties have consented to proceed before the undersigned United States Magistrate Judge. (Docket Entry Nos. 9-10). On December 24, 2014, Defendant filed an Answer along with the Administrative Record ("AR"). (Docket Entry

Nos. 12-13). The parties filed a Joint Position Statement ("Joint Stip.") on April 29, 2015, setting forth their respective positions regarding Plaintiff's claims. (Docket Entry No. 17).

The Court has taken this matter under submission without oral argument. See C.D. Cal. L.R. 7-15; "Order Re: Procedures In Social Security Case," filed August 28, 2014 (Docket Entry No. 7).

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff filed an application for Disability Insurance Benefits on June 6, 2011. Plaintiff filed an application for Supplemental Security Income on June 16, 2011. Both applications alleged a disability since August 1, 2010. (See AR 155-67).

On January 13, 2013, the Administrative Law Judge, James D. Goodman ("ALJ"), heard testimony from Plaintiff, who was represented by counsel and required an interpreter. (See AR 31-45). On February 21, 2013, the ALJ issued a decision denying Plaintiff's applications. (See AR 15-23). After determining that Plaintiff had severe impairments -- "chondromalacia patella and patellar tendinitis o[f] the right knee; lumbar spine musculoskeletal strain; and umbilical hernia" (AR 18)[1] --, the ALJ found that Plaintiff had the residual functional capacity ("RFC")[2] to perform the full range of medium work.[3] (AR 19-22). After finding that Plaintiff did not have any past relevant work, the ALJ,

---

[1] The ALJ found that Plaintiff's other alleged impairments -- headaches, sadness and depressed mood -- were not medically determinable impairments. (See AR 18).

[2] A Residual Functional Capacity is what a claimant can still do despite existing exertional and nonexertional limitations. See 20 C.F.R. § 404.1545(a)(1).

[3] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. §§ 404.1567(c) and 416.967(c).

2

based on Plaintiff's RFC, his age, his education, and work experience, and using Rule 203.25 of the Medical-Vocational Guidelines as a framework, determined that Plaintiff was not disabled within the meaning of the Social Security Act.  (AR 22-23).

Plaintiff requested that the Appeals Council review the ALJ's decision.  (AR 8).  The request was denied on June 26, 2014.  (AR 1-3).  The ALJ's decision then became the final decision of the Commissioner, allowing this Court to review the decision.  See 42 U.S.C. §§ 405(g), 1383(c).

**PLAINTIFF'S CONTENTIONS**

Plaintiff alleges that the ALJ erred in failing to properly: (1) consider the treating physician's opinion and develop the record; (2) consider Plaintiff's testimony and make proper credibility findings; (3) consider the consultative examiner's opinion; and (4) assess Plaintiff's RFC.  (See Joint Stip. at 3-10, 15-23, 27-32, 35).

**DISCUSSION**

After consideration of the record as a whole, the Court finds that Plaintiff's third claim of error warrants a remand for further consideration.  Since the Court is remanding the matter based on Plaintiff's third claim of error, the Court will not address Plaintiff's first, second and fourth claims of error.

**A.   The ALJ Failed to Properly Reject the Opinion of the Consultative Examiner**

Plaintiff contends that the ALJ failed to provide specific and legitimate reasons for rejecting the opinion of consultative examining

3

psychologist, Avazeh Chehrazi, Ph.D. (See Joint Stip. at 27-30). Defendant contends that the ALJ appropriately discounted Dr. Chehrazi's opinion without discussion. (See Joint Stip. at 29-30).

An ALJ must take into account all medical opinions of record. 20 C.F.R. §§ 404.1527(b), 416.927(b). "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." Holohan v. Massanari, 246 F.3d 1195, 1202 (9th Cir. 2001); see also Lester v. Chater, 81 F.3d 821, 830-831 (9th Cir. 1995). When a treating or examining physician's opinion is not contradicted by another physician, it may be rejected only for "clear and convincing" reasons. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995); Andres v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995). When a treating or examining physician's is contradicted by another doctor, it may only be rejected if the ALJ provides "specific and legitimate" reasons supported by substantial evidence in the record. Id. at 30-31; see also Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008).

On December 22, 2011, Avazeh Chehrazi, Ph.D (a clinical psychologist), prepared a report following a complete psychological evaluation of Plaintiff. (See AR 252-58). Based on the test results and clinical data, Dr. Chehrazi determined, inter alia, that there was "[n]o [d]iagnosis (symptoms do not meet criteria for a mood disorder while evident at time of the examination)" and that Plaintiff had a mild Intellectual Disability. Dr. Chehrazi opined, inter alia, that Plaintiff would have mild difficulty in his abilities to understand, remember and carry out detailed instructions and to make simplistic work-related decisions without special supervision, and that Plaintiff would have moderate difficulty in his ability to maintain persistence and pace in a normal workplace setting. (See AR 256).

In a Psychiatric Review Technique form dated January 18, 2012, state agency reviewing physician R.E. Brooks, M.D., opined that Plaintiff had no medically determinable impairments and assessed no functional limitations. (See AR 263-73).

The ALJ noted that Plaintiff had alleged sadness and a depressed mood at his psychological consultative examination. (AR 18, citing 252-58). The ALJ found that Plaintiff's allegations of sadness and a depressed mood were not medically determinable impairments, based on (1) the lack of objective evidence to support those allegations; (2) Dr. Chehrazi's finding that Plaintiff did not have a mental diagnosis (and that Plaintiff's symptoms did not meet the criteria for a mood disorder); and (3) Dr. Brooks' finding that Plaintiff did not have a medically determinable impairment. (AR 18).

The ALJ did not assess any limitations in his determination about Plaintiff's mental RFC (see AR 19-22). However, the ALJ did not discuss Dr. Chehvari's opinion about Plaintiff's mild difficulties in his abilities to understand, remember and carry out detailed instructions and to make simplistic work-related decisions without special supervision or about Plaintiff's moderate difficulty in his ability to maintain persistence and pace in a normal workplace setting. Moreover, the ALJ did not discuss how he weighed the opinions of Dr. Chehvari and Dr. Brooks, or specify which medical opinion(s) he credited. The ALJ therefore failed to provide any reason, let alone a specific and legitimate reason, for rejecting Dr. Chehrazi's opinion. See Nguyen v. Chater, 100 F.3d 1462, 1464 (9th Cir. 1996) ("We hold that the ALJ erred because he neither explicitly rejected the opinion of [the examining physician], nor set forth specific, legitimate reasons for crediting [the nonexamining physician] over [the examining physician]."); Sinohui v. Astrue, 2011 WL 1042333, *14 (C.D. Cal. March 18, 2011) ("In excluding from his RFC determination [the examining physician]'s opinions that Plaintiff was moderately limited in his ability to

understand and remember detailed instructions, in the ability to carry out detailed instructions, and in the ability to interact appropriately with the general public, the ALJ implicitly rejected those opinions without providing any reason for doing so. This constitutes error.").[4]

**B.   Remand Is Warranted**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Id. at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings."). However, where, as here, the circumstances of the case suggest that further administrative review could remedy the Commissioner's errors, remand is appropriate. McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011); Harman v. Apfel, supra, 211 F.3d at 1179-81.

Since the ALJ failed to properly reject the opinion of the consultative examiner, remand is appropriate. Because outstanding issues must be resolved before a determination of disability can be made, and "when the record as a whole creates serious doubt as to whether the [Plaintiff] is, in fact, disabled within the meaning of the Social Security Act," further administrative proceedings would serve a

---

[4] Defendant contends that "[i]n light of the paucity of subjective complaints and positive objective clinical findings, Dr. Chehrazi's opinion about Plaintiff's mental limitations had no probative value; the ALJ, therefore appropriately discounted Dr. Chehrazi's opinion without discussion in the decision." (Joint Stip. at 29-30).

However, the Court will not consider reasons for rejecting Dr. Chehrzi's opinion that were not given by the ALJ in the Decision. See Pinto v. Massanari, 249 F.3d 840, 847-48 (9th Cir. 2001); SEC v. Chenery Corp., 332 US 194, 196 (1947)

useful purpose and remedy defects. Burrell v. Colvin, 775 F.3d 1133, 1141 (9th Cir. 2014)(citations omitted).[5]

**ORDER**

For the foregoing reasons, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings pursuant to Sentence 4 of 42 U.S.C. § 405(g).

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: January 13, 2016

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE

---

[5] The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the immediate payment of benefits would not be appropriate at this time. "[E]valuation of the record as a whole creates serious doubt that Plaintiff is in fact disabled." See Garrison v. Colvin, 759 F.3d 995, 1021 (2014). Accordingly, the Court declines to rule on claims regarding the ALJ's failure to properly consider the treating physician's opinion and develop the record (see Joint Stip. at 3-10, 15), the ALJ's failure to properly consider Plaintiff's testimony and make proper credibility findings (see Joint Stip. at 15-23, 27), and the ALJ's failure to properly assess Plaintiff's RFC (see Joint Stip. at 31-32, 35). Because this matter is being remanded for further consideration, these issue should also be considered on remand.